KATHERINE HART #76715
Attorney at Law
2055 San Joaquin
Fresno, Ca. 93721
Telephone: (559) 256-9800
Facsimile: (559) 256-9798

Attorney for Defendant
BRUCE OLSON

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-F-07-CR 00170 OWW |
| Plaintiff, ) | SENTENCING MEMORANDUM |
| v. ) | |
| ) | Date: 6/22/09 |
| ) | Time: 9:00 a.m. |
| BRUCE OLSON, ) | Dept: OWW |
| Defendant. ) | |

TO THE HONORABLE ANTHONY W. ISHII AND TO ASSISTANT UNITED STATES ATTORNEY SHEILA OBERTO, and TO UNITED STATES PROBATION OFFICER TIM D. MECHEM:

Defendant BRUCE OLSON, through his counsel KATHERINE HART, submits the following Sentencing Memorandum.

The Presentence Investigation Report (PSR) prepared by Tim D. Mechem, Senior United States Probation Officer is identical in its recommendation with that of the plea agreement between the parties. Both the plea agreement and the PSR imposed 18 points as the base offense level, adding on 2 points under 18 USSG

2G2.2(b)(2), 2 points under 2G2.2(b)(6), and 5 points under 2G2.2(b)(7)(D), for a total Guidelines level of 27, less 3 points for acceptance of responsibility. Level 24 equates to 51 months. Defendant agrees, pursuant to the plea agreement, that 51 months is a reasonable sentence. Nevertheless, because the Guidelines are advisory and the court must apply the factors listed in 18 USC 3553(a), defendant wishes to provide the following additional information to the court:

    1. Defendant's business, Olson Well Drilling, was a successful, productive, taxpaying business. Defendant, a college graduate operating a licensed business, was operating in a field where his services were much in demand, in light of the drought conditions and lack of qualified well drillers in the Central Valley. Just before defendant was remanded on April 10, 2009, he handed over approximately six months' well-drilling work to a friend, Tom Hall, who operates Belknap Well Drilling. Defendant did not sell his contracts to his friend; he handed over the business so that the farmers who depended upon wells being drilled could rely on someone competent to complete the work defendant was unable to complete.

    2. Defendant's business purchased approximately $80,000.000 worth of products and supplies every year of its operation. Defendant's business created jobs for suppliers, delivery drivers, bookkeepers, and others.

    3. Defendant's business provided water to farm land, so such land could be productively and profitably farmed.

    4. Defendant has experienced profound remorse and has developed insight into the psychological and emotional injury experienced by victims of child pornography. Like many individuals, he did not comprehend the fact that his viewing of images could create a market for pornography and could further perpetuate injury to young victims. During the two-year period between June 28, 2007, when defendant was arrested, and the time of sentencing, defendant has

developed an awareness of the pernicious effects of the internet market for child pornography, and he regrets the pain he caused.

     5. The PSR on page 9 reports that defendant's wife suffers from multiple sclerosis and has difficulty walking and caring for herself. In addition to the sympathetic factors listed in the PSR, Defendant wishes to alert the court to the following: his wife requires intravenous injections every other day, and multiple sclerosis is a progressive, degenerating disease. It is not a disease from which sufferers recover. Before he was remanded to custody, defendant provided his wife with all of her home health care needs. Defendant's wife is not eligible for social security disability because she never paid into the social security system. The only way she could qualify for social security benefits would be if she were to divorce defendant, which is not an option either party would resort to.

     Accordingly, defendant accepts the recommendation of the Probation Department but requests the court to apply all relevant factors in its sentencing computation.

DATED: May 25, 2009                    Respectfully submitted,

/s/ Katherine Hart
KATHERINE HART, Attorney for
BRUCE OLSON