1

2

3

4

5

6           **UNITED STATES DISTRICT COURT**

7           **EASTERN DISTRICT OF CALIFORNIA**

8

9   **UNITED STATES OF AMERICA,**          **CASE NO. 1:07-CR-170 AWI-1**

10                  **Plaintiff**

11              **v.**                      **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

12   **BRUCE OLSON**

13                  **Defendant**           (Doc. No. 37)

14

15          On July 31, 2018, Defendant Bruce Olson filed a *pro se* motion for modification of

16   conditions of release under 18 U.S.C. § 3583(e).  See Doc. No. 37.  Defendant requested the

17   motion be submitted on the papers, waiving a hearing.  Id.; Fed. R. Crim. P. 32.1(c)(2)(A).  The

18   Court directed the United States and the U.S. Probation Office for the Eastern District of

19   California to file a response, addressing the relevant factors of § 3583.  Doc. No. 38.  On August

20   17, 2018, the Government filed its response on behalf of itself and the Probation Office.  Doc. No.

21   39.  Therein, the Government opposed Defendant's motion.  Id.  Although Defendant had the

22   opportunity to file a reply to the Government's opposition (see Doc. No. 38), he did not do so.

23          For the reasons stated herein, the Court will deny Defendant's motion without prejudice.

24                                  *Discussion*

25          On June 28, 2007, the grand jury returned a two-count indictment against Defendant,

26   charging him with: (1) Receipt or Distribution of Material Involving the Sexual Exploitation of

27   Minors, in violation of 18 U.S.C. § 2252(a)(2); and (2) Possession of Material Involving the

28   Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B).  Doc. 1.  On April 6,

2009, Defendant pleaded guilty in open court to possessing child pornography. Doc. 29. On June 22, 2009, the Court (Courtroom 3) sentenced Defendant to 51 months incarceration, followed by a 120-month term of supervised release. Docs. 31, 32. On December 21, 2012, Defendant was released from custody, and his ten-year term of supervised release commenced. Doc. 36, p. 1. Defendant now moves for early termination of his supervised release under § 3583. Doc. No. 37.

A court may terminate a term of supervised release after considering various factors in 18 U.S.C. § 3553. See 18 U.S.C. § 3583(e); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). Those factors are: (1) the nature and circumstances of the offense and the nature and characteristics of the defendant, see § 3553(a)(1); (2) the need for the sentence imposed to reflect the seriousness of the offense and provide adequate deterrence, see § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes by the defendant, see § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment or aide, see § 3553(a)(2)(D); (5) the kind of sentence and the sentencing range established for the applicable category of offense in the sentencing guidelines, see § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission, see § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victims, see § 3553(a)(7). After considering these factors, a court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); Emmett, 749 F.3d at 819. In considering the "interest of justice," the Court may also consider any "undue hardship" that the defendant might be suffering. See Emmett, 749 F.3d at 820. Mere compliance with the terms of supervised release is what is expected, and without more, is considered insufficient to justify early termination. See United States v. Fernandes, 2016 U.S. Dist. LEXIS 27056, *2 (D. Nev. Mar. 2, 2016); United States v. Robertson, 2015 U.S. Dist. LEXIS 161084, *5 (N.D. Cal. Nov. 30, 2015); United States v. Sabatino, 2014 U.S. Dist. LEXIS 167738, *4-*7 (N.D. Cal. Dec. 3, 2014); United States v. Flint, 2014 U.S. Dist. LEXIS 112428, *5-*7 (E.D. Cal. Aug. 12, 2014). District courts must explain its decision to either grant or deny a motion for early termination of supervised release. Emmett, 749 F.3d at 820-21.

Defendant contends he has met "all eight criteria from § 3553 that are pertinent to this type of request; all nine criteria from Monograph 109; [and is] almost zero risk to re-offend . . . ." Doc. No. 37. He maintains he completed a "rigorous sex addition and sexual offender treatment program," has served 5 years with "absolute compliance," has paid his fines, and at 69 years old, is statistically unlikely to reoffend. Id. He also maintains he has no violent criminal history, has not been arrested while on supervision, and generally poses no safety concerns to the public. Id. He finally asserts he is gainfully employed, but his probation prohibits him from applying for a license specific to his job, indicating a hardship. Id.

The Government and the Probation Office opposes Defendant's motion. Doc No. 39. The Government asserts it has a compelling interest to protect children from those who would exploit them (factor 2). Id. at *4. The Government also contends early termination of supervised release in child exploitation cases is rare (in counsel's experience), supporting its argument that an early termination here would be unfair to others similarly sentenced who have not received such a reduction (factor 6). Id. at *5. Critically, Defendant's Probation Officer disputes some of Defendant's assertions regarding his "absolute" compliance. The probation officer responsible for Defendant stated, among other things:

- Since his release from custody, movant has maintained compliance with his terms of supervised release;
- Movant initially resisted his recommended treatment plan, and for a number of years, since the outset of his supervision. Special condition 15 of his terms of supervised release include his need to attend sex offender treatment. Doc. 36;
- For the past year, movant has complied with treatment, which involved a therapist for whom he personally paid;
- Movant's request for early termination may stem from his desire to travel to the Central District of California – a district not receptive to permitting leisure travel for sex offenders who reside out of that district.

Id. at *3. In light of this, the Probation Office recommended the issue be revisited in another year, so as to "further assess [Defendant's] continued compliance, as well as how [he] progresses with his supervision after treatment." Id. Defendant did not respond to the Probation Office's concerns.

///

The Court finds the Government's position persuasive. If indeed Defendant has maintained compliance in the past year, this weighs in his favor. However, the Probation Office's assertion that Defendant was initially resistant to his treatment, as well as the Government's arguments concerning the Emmett factors, counsels against a modification at this time. Defendant has not offered any rebuttal to the Government or Probation Office's assertions, and so has not met his burden to show is in the interests of justice to terminate his supervised release early. Defendant may apply for a modification after a year, and the Court will hear evidence from the Probation Office at that time as to Defendant's progress.

ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for early termination of supervised release is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 20, 2018                                  

SENIOR DISTRICT JUDGE